## MOSKOWITZ v ASLAN and DOE
### Case No. 89-310 AP
Eleventh Judicial Circuit, Dade County

November 13, 1990

### APPEARANCES OF COUNSEL

**John J. Boyle, Esquire,** for appellant.

**Mohammed Aslan and Ramona Doe,** pro se.

Before FULLER, LEVINE, GREEN, JJ.

### OPINION OF THE COURT

FULLER, J.

This is an appeal by landlords from the "order" dismissing their action for tenant removal and past due rent. An answer was filed by the tenants (pro se) which alleged, among other things, that payments had always been made by cheque and that a similar offer of payment by cheque had been made upon service of the three day notice and had been refused. At time of trial the trial judge, sua sponte, determined that the three day notice was not in substantial compliance with the

statutory form required by Florida Statute 83.56(3) in that the requirement for payment *in cash* was included in the subject 3 day notice.

A provision for cash payment is not a requirement of Florida Statute 83.56(3). The demand for such payment makes the form used by the landlords fatally defective.

We affirm.

LEVINE, J., Concurs.

GREEN, J., Dissents with an opinion.

I must respectfully dissent with the majority opinion as I do not find that a landlord's requirement of a cash payment for back rent owed in the mandatory three (3) day notice pursuant to Florida Statute 83.56(3) [1] is fatally defective in an eviction proceeding.

It is clear that the legislative intent of this statute is to require a landlord to formally place a tenant on notice of any rent owed and either exact payment for the same or possession within three (3) days prior to the institution of an eviction proceeding. A landlord's requirement in the three (3) day notice that payment for back rent be made in cash is certainly not inconsistent with the intent of this statute. More importantly, however, a demand for payment in cash is not prejudicial to the tenant and does not impose any greater obligation on the tenant than he already has under this law—i.e. satisfy his indebtedness or vacate the premises.

On the other hand, in disallowing a landlord to exact cash from a tenant in the three (3) day notice, this court is effectively eliminating a means whereby a landlord could limit his losses from "deadbeat" tenants who have had a history of tendering worthless checks to the landlord as payment for the rent. In such situations a landlord would now, according to the majority opinion, be required to accept worthless checks and attempt to negotiate them at the bank (and thereby incur

---

[1] Florida Statute 83.56(3) provides that:
> If the tenant fails to pay rent when due and the default continues for 3 days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand by the landlord for payment of the rent or possession of the premises, the landlord may terminate the rental agreement. The 3-day notice shall contain a statement in substantially the following form:
>> You are hereby notified that you are indebted to me in the sum of — dollars for the rent and use of the premises (address of leased premises, including county), Florida, now occupied by you and that I demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays), from the date of delivery of this notice, to wit: on or before the — day of —, 19—.
>> (landlord's name, address, and phone number)

**47**

additional service charges) before he could seek legal redress from the court in an eviction proceeding.

Clearly, this would be a rather untenable result which I don't believe was intended by the legislature when it enacted F.S. 83.56(3). I would thus reverse the trial court's ruling and would find that a three (3) day notice requiring that payment be made in cash is in substantial compliance with the intent of F. S. 83.56(3).